UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SAMUEL CABASSA,

                              Plaintiff,

                    vs

JOSEPH T. SMITH, Superintendent,
Shawangunk Correctional Facility;
ANTHONY J. FORTE, Chief Medical
Doctor, Shawangunk Correctional
Facility; ESTATE OF ANTHONY FORTE,
DECEASED March 27, 2004; LESTER N.
WRIGHT, Deputy Commissioner, Chief
Medical Officer, New York State
Departmentment    of   Correctional
Services;   LEONARDO   PORTUONDO,
Superintendent,          Shawangunk
Correctional    Facility,   RETIRED;
MARYANN GENOVESE, Medical Doctor,
Shawangunk Correctional Facility;
RICHARD    WURZEL,    OPTOMETRIST,
Shawangunk Correctional Facility;
Dr. KATZ, Orthopedist; THOMAS G.
EAGEN, Director, Inmate Grievance
Program, New York State Department
of Correctional Services.

                              Defendants.



INMATE
CIVIL
RIGHTS
COMPLAINT
PURSUANT TO
42 U.S.C. § 1983

Civil Case No.:

9:06-CV-852
DNH/DEP

---

Plaintiff in the above-captioned action, allege(s) as follows:

JURISDICTION

1.        This is a civil action seeking relief and/or damages to
defend and protect the rights guaranteed by the Constitution
of the United States. This action is brought pursuant to 42
U.S.C. § 1983. The Court has jurisdiction over this action
pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2001.

## PARTIES

2.      PLAINTIFF SAMUEL CABASSA, 04-A-0364, is an inmate being held in the custody of the New York State Department of Correctional Services ("DOCS'"), presently presiding at Shawangunk Correctional Facility ("Shawangunbk"), P.O. Box 700, Wallkill, New York, 12589-0470

3 a.    DEFENDANT JOSEPH T. SMITH, is employed as the Superintendent of Shawangunk Correctional Facility, P.O. Box 750, Wallkill, New York, 12589, in-charge of the diurnal operation and management of Shawangunk Corretional Facility. He is sued in his individual and official capacities.

b.      DEFENDANT ANTHONY FORTE, is deceased, during the events described in the herein complaint he was the Chief Medical Doctor at Shawangunk Correctional Facility, P.O. Box 750, Wallkill, New York, 12589. He is sued in his individual and official capacities.

c.      Estate of Anthony Forte, who died on March 27, 2004.

d.      DEFENDANT LESTER N. WRIGHT, is employed as the Deputy Commissioner, Chief Medical Officer, for the State of New York State Department of Correctional Services, at The Harriman State Campus, 1220 Washington Avenue, Albany, New York, 12226. He is sued in his individual and official capacities.

e.      DEFENDANT LEONARDO PORTUONDO, during the time of the events described in the herein complaint was the Superintendent of Shawangunk Correctional Facility, P.O. Box 750, Wallkill, New York, 12589, in-charge of the diurnal

operation and management of Shawangunk Correctional Facility. He is sued in his individual and official capacities.

f.       DEFENDANT MARYANN GENOVESE, is employed as the Medical Doctor at Shawangunk Correctional Facility, P.O. Box 700, Wallkill, New York, 12589-0700. And is responsible for ensuring the provision of adequate medical care to prisoners at Shawangunk. She is sued in her individual land official capacities.

g.       DEFENDANT RICHARD WURZEL, is employed as an Optometrist at Shawangunk Correctional Facility, P.O. Box 700, Wallkill, New York, 12589-0700. And is responsible for ensuring the provision of adequate medical care in the form of Eye Care to the prisoners at Shawangunk. He is sued in his individual and official capacities.

h.       DEFENDANT THOMAS G. EAGEN, is employed as the Director, Inmate Grievance Program, for the New York State Department of Correctional Services, The Harriman State Campus, 1220 Washington Avenue, Albany, New York, 12226. And is responsible for Central Office Review Committee of all inmate grievance appeals. He is sued in his individual and official capacities.

All the defendants have acted, and continue to act under the color of State law at all times relevant to this complaint.

4.                      **PLACE OF PRESENT CONFINEMENT**

a.        Plaintiff filed numerous grievances at Shawangunk --will be identified through discovery-- presenting the facts relating to the complaint in the grievance program.

b.        The Plaintiff appealed all of the grievances to the Defendants Smith and Portuondo, whom systemically denied each and every one of them was denied.

c.        The Plaintiff appealed all grievances denied by Defendants Smith and Portuondo to Defendant Eagen, who in turn systemically denied each and every one of them.

5.                        **PREVIOUS LAWSUITS**

a.        On June 20, 2001, Plaintiff filed a lawsuit against GLENN S. GOORD, Commissioner, DOCS', et al, in the United States District Court, Northern District Of New York, 9:01-CV-1039 (DNH)(GHL), assigned to District Judge David N. Hurd, who on June 1, 2006, Rejected Plaintiff's Objections to United States Magistrate Judge Love's Report-Recommendation to Defendants' summary judgment motion, twhich is pending appeal to the United States Court Of Appeals, Second Circuit.

b.        On or around June 1996, Plaintiff filed a lawsuit against ISMET RUFAT, Correctional Officer, in the United States District Court, Western District Of New York, 96-CV-6280 (CJS), assigned to District Court Judge Charles J. Siragusa, and won a Jury Award on August 27, 1999, of one dollar Nominal and one thousand dollars Punitive damages.

6.                               **FACTS**

6(1).       Between April 27, 2000 thru April 13, 2006, on approximately thirty separate occasions the Plaintiff complained to Defendants Forte and Genovese with respect to severe pain in his left shoulder and with the exception of an MRI and Physical Therapy no other measure of treatment had been chosen to reduce Plaintiff's pain and discomfort, however, on or about May 2006, a second MRI revealed a torn tendon and possible ligament tear in his left shoulder.

6(2).       Between November 20, 2000 thru March 3, 2004, on fourteen separate occasions the Plaintiff complained to Defendant Forte about excruciating pain from an abdominal hernia but Forte refused to send Plaintiff to an outside Specialist to diagnose it and scheduled surgery until April 5, 2004, or provide pain medication.

6(3).       Between August 24, 2001 thru July 10, 2003, Defendant Forte refused to provide the Plaintiff with medication to treat his serious degenerative arthritis condition in both shoulders, hips, knees, and Lumbar and provide pain relief.

6(4).       Between August 21, 2001, on approximately fifteen separate occasions the Plaintiff complained to Defendant Forte and Genovese about severe pain in his right knee and did not receive an outside consult to an Orthopedist Specialist till around April 2003, resulting in Defendant Katz ridiculing Plaintiff when he attempted to describe the symptoms he felt and nothing was done till on or around November or December 2005, when an MRI revealed that

Plaintiff had a torn meniscus, partial ligament and horizontal cleavage tear, for which he received Arthroscopic surgery on January 1 5 2006.

6(5).     Between March 2003 thru October 2004, the Plaintiff, who is completely blind in his left eye and very high myopia in his right eye, complained to Defendant Forte of distorted and loss of vision in his right eye on several occasions and was made to wait several weeks before being sent out for PDT Laser Surgery to repair a detached retina and some ruptured blood vessels in his right eye.

6(6).     On or around April 13, 2005, Defendant Wurrel made the Plaintiff wait close to sixty days for a replacement contact lens knowing that he did not have an adequate back-up contact lens and suffered from poor vision and could not perform daily life activities without it.

6(7).     On or around October 2005, the Plaintiff accidentally tore his contact lens and Defendants Genovese, Wurrel and Smith made him wait till February 8, 2006, for a temporary replacement pair knowing that Plaintiff is visually disabled and could not perform daily life activities without it.

6(8).     The Plaintiff presented several grievance complaints and filed appeals to Defendants Smith and Portuondo regarding Defendant Forte's and Genovese's refusal to provide adequate medical care to treat his degenerative arthritis in both shoulders, hips, knees, and Lumbar, abdominal hernia, and vision care, including contact lens and for pain relief but Smith systemically denied them.

6(9).          The Plaintiff appealed Defendant Smith's denials to his grievances to Defendant Eagen, who systemically denied all of Plaintiff's appeals with the suggestion that he address his health care concerns through sick call.

7.                              CAUSE OF ACTION

### FIRST CAUSE OF ACTION

The actions of Defendants Forte and Genovese stated supra at ¶ 6(1), failing to provide the Plaintiff with a more timely diagnosis and adequate medical care regarding his serious shoulder injury and pain relief medication for his discomfort and pain, constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

### SECOND CAUSE OF ACTION

The actions of Defendant Forte stated supra at ¶ 6(2), failing to provide the Plaintiff with a more timely diagnosis and adequate medical care regarding his serious abdominal hernia injury and pain relief medication for his discomfort and pain, constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION

The actions of Defendant Forte stated supra at ¶ 6(3), failing to provide the Plaintiff with adequate medical care

and treat his serious degenerative arthritic condition and with Non-Steroidal Anti-Inflamatory Drugs for his discomfort and pain, constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

### FOURTH CAUSE OF ACTION

The actions of Defendant Forte, Genovese and Katz stated supra at ¶ 6(4), failing to provide the Plaintiff with a more timely diagnosis and adequate medical care to treat his serious right knee injury and pain relief medication for his discomfort and pain, constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

### FIFTH CAUSE OF ACTION

The actions of Defendant Forte stated supra at ¶ 6(5), failing to provide the Plaintiff with a more timely appointment to an Ophthalmologist to repair his detached retina and ruptured blood vessels despite his serious visual disability, constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution and under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

### SIXTH CAUSE OF ACTION

## SIXTH CAUSE OF ACTION

The actions of Defendant Wursel stated supra at ¶¶ 6(6)-6(7), failing to provide the Plaintiff with a more timely replacement contact lens despite his serious visual disability without it and inability to carry out daily life functions, constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution and under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

## SEVENTH CAUSE OF ACTION

The actions of Defendants Smith and Portuondo stated supra at ¶ 6(8), failing to provide the Plaintiff with a fair investigation into his grievances concerning his serious medical needs, constituted deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution and under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

## EIGHTH CAUSE OF ACTION

The actions of Defendant Eagen stated supra at ¶ 6(9), failing to provide the Plaintiff with a fair investigation into his grievances concerning his serious medical needs, constituted deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to

the United States Constitution and under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

## NINTH CAUSE OF ACTION

The actions of Defendants Porte, Genovese, Smith, Portuondo, Wurzel, Katz, and Eagen stated supra at ¶¶ 6(1)-6(9), delayed the Plaintiff's access to urgent and necessary medical care to his myriad of serious medical injuries and amounted to a continuing harm that lasted approximately six years, constituting deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution and under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

8.      Plaintiff demands a trial by Jury.

9.      **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

Award compensatory damages jointly and severally against:

1.   Defendants Forte, Genovese, Smith, Portuondo, Wurzel, Katz, and Eagen for the physical and emotional injury resulting from their deliberate indifference to Plaintiff's serious medical needs as well as continuing harm and failure to provide adequate medical care to the Plaintiff,.

2.   Defendants Forte, Genovese, Smith, Portuondo, Wurzel, Katz, and Eagen for the physical and emotional injury resulting from their deliberate indifference to Plaintiff's serious   medical   needs   as well as   continuing   harm   and discrimination   against   his   visual   disability   of   the Plaintiff, violated and continue to violate, the Plaintiff's rights   under   the Eighth Amendment to the United   States Constitution,   as   well   as Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 .

3.   Award punitive damages against Defendants Forte, Genovese, Smith, Portuondo, Wurzel, Katz, and Eagen.

I   declare   under   the   penalty   of   perjury that the foregoing is true and correct.

DATED: <u>July 6, 2006</u>

Samuel Cabassa